# Wheeling.

## JOHN FLESHER *vs.* JOSEPH MITCHELL.

### July Term, 1871.

I. M. conveyed to a trustee, to secure and indemnify J. M., his undivided interest in and to lands descended to him from his father, in 1840. In 1844, suit was brought for partition of the lands among the heirs, in which I. M. and J. M. were defendants. On the 4th of May, 1847, in pursuance of the trust, the trustee conveyed to J. M. the share of I. M. On the 6th of May, 1847, a decree was had in the partition suit, and commissioners appointed to divide the lands. A portion was set off to I. M., and afterwards conveyed to him by commissioners. HELD:

    I. That the deed from the trustee to J. M. was not rendered inoperative by reason of the adjudications in the partition suit. That it was not the subject matter of the bill, nor referred to in any answers or evidence in the cause, the only question being as to the rights of the parties as heirs.

    II. That J. M., who was the grandson of the deceased whose lands were partitioned, and whose father had received, in his lifetime, advancements greater than his share of the estate, which advancements were not brought into hotchpot, was not seized of any legal title to any portion of the land by virtue of heirship.

This was an action of ejectment brought to December rules, 1866, in the circuit court of Lewis county. Judgment for the plaintiff, November term, 1869.

The facts agreed appear in the opinion of Judge Maxwell. The defendant Flesher brought the case to this court.

*Edmiston* and *Boggess* for the plaintiff in error.
*Henry Brannon* for the defendant in error.

MAXWELL, J. Joseph Mitchell brought an action of eject ment against John Flesher, to recover a lot of land situated in Lewis county. The following were the facts agreed in the cause:

"That on the 14th of July, 1840, Isaac S. Mitchell conveyed to Richard Dobson, by deed, with covenants of general war-

ranty, all the undivided interest or share of him, the said Isaac S. Mitchell, as one of the heirs of John Mitchell, deceased, in the lands of which his father, said John Mitchell, died seized, in trust to secure and indemnify the plaintiff as surety of said Isaac S. Mitchell; that said trustee, Dobson, in pursuance of said deed of trust, by deed bearing date on the 4th of May, 1847, and acknowledged and recorded on the 10th of May, 1847, conveyed to the plaintiff, Joseph Mitchell, the interest of said Isaac S. Mitchell in the land aforesaid. That the land in the plaintiff's declaration mentioned and described, is the portion of the land of said John Mitchell, deceased, which was, by decree of the circuit court of Lewis county, in the chancery partition cause in the name of John E. Mitchell and others against John Mitchell's heirs, assigned and set apart to said Isaac S. Mitchell as one of the heirs of said John Mitchell, deceased; to which said chancery cause the plaintiff in this cause and said Isaac S. Mitchell were parties. It was further agreed that the record and proceedings in said chancery partition cause of John E. Mitchell and others against John Mitchell's heirs, as also the deed of partition made in pursuance of a decree therein, shall be and constitute a part of the facts agreed in this cause. It was further agreed that the plaintiff in this cause is entitled to recover in fee in this action, unless he is concluded by the decrees in the chancery partition cause hereinbefore named, and the said deed of partition made in pursuance of a decree therein. And these being all the facts in this cause, it was further agreed that the plaintiff in this action is entitled to recover in this action, unless he is concluded by the decrees in the chancery partition cause hereinbefore referred to, that being the sole question presented for the determination of the court; and the court being of opinion that the plaintiff was a party to said chancery partition cause in his character as heir only, and not as purchaser of the said interest of said Isaac S. Mitchell, and that his right as such purchaser was not in issue in said cause, and that he is not concluded by the decrees in the said chancery partition cause, gave judgment for the plaintiff."

It appears from the facts agreed that Isaac S. Mitchell, on the 14th day of July, 1840, conveyed to Dobson, in trust, all

the undivided interest of the said Isaac as heir, in and to the estate of which John Mitchell, his father, died seized; that in pursuance of the said trust the said Dobson, on the 4th day of May, 1847, conveyed to the plaintiff, Joseph Mitchell, the interest of the said Isaac in the said land by deed recorded on the 10th day of May, 1847. It appears from the record that in 1844 a chancery suit was brought by certain of the heirs of the said John Mitchell, deceased, against the other heirs of said Mitchell, for the partition of the lands of which he died seized; that the case was set for hearing at September rules, 1844; that the said Isaac S. Mitchell and Joseph Mitchell were defendants in said suit, regularly served with process; that the said Dobson was not a party to said suit; that on the 6th day of May, 1847, a decree was rendered settling the rights of the parties, and commissioners appointed to divide the land according to the terms of said decree, who afterwards laid off and assigned to the said Isaac the land in controversy, which was afterwards conveyed to him by commissioners of the court. It is contended that these proceedings amount to an adjudication; that the conveyance from the trustee, Dobson, to Joseph Mitchell, had ceased in some way to be operative. There is no reason why this should be so. It was not the subject matter of the bill, and was in no way referred to or mentioned in it; nor is it referred to in any way in any answer filed or in any evidence in the case. The only question was as to the rights of the parties as heirs of John Mitchell, deceased. Nothing more. After the decree settling the terms of the partition was made, and after the commissioners appointed to make partition had made their report, dividing the land according to the terms of the decree, Joseph Mitchell objected to the confirmation of the report so made, and filed his petition asking the court to withhold its confirmation of said division, and appoint other commissioners to divide the farm, alleging that he owned by heirship and purchase five shares of the farm; and it is claimed that this petition brought into the case, if not there before, the question as to the effect of said conveyance, and that it was necessarily adjudicated. Such cannot be the case, because the petition does not refer to the conveyance from the trustee, and if it had done so, the petition did not ask to review the

decree under which the terms of the partition were settled; and even if it had asked to review the decree, no proceedings were ever had under the petition. It is claimed that Joseph Mitchell, as heir, had part of the legal title in him, and the effect of the proceedings was to vest in Isaac that part of the title at least. Joseph was a grandson of John Mitchell, deceased, and his father in his lifetime had received advancements greater than his share of the estate, which advancements were not brought into hotchpot, so that the legal title to no portion of the land was vested in the said Joseph, as supposed by the counsel for the appellant. The appellants have failed to satisfy this court that the judgment complained of ought to be reversed, and it will have to be affirmed with damages and costs to the appellee.

The other Judges concurred.

JUDGMENT AFFIRMED.